# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD LAWRENCE MORTENSEN,        )
                                  )
    Petitioner,                   )        2:11-CV-00266-KJD-CWH
                                  )
vs.                               )
                                  )        **ORDER**
DWIGHT D. NEVEN, *et al.*,        )
                                  )
    Respondents.                  )
_____/

       This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by petitioner Ronald Mortensen, a Nevada prisoner, who is proceeding with the assistance of counsel. Before the Court is petitioner's motion for clarification of this Court's Order entered January 28, 2013 (ECF No. 57). Although respondents have not had an opportunity to file a response to the motion, the Court finds no good reason to delay. In response to the petitioner's inquiries, the Court offers this clarification.

       Ground 1-1, subparts (B) and (C) as set forth in the Court's order at page 6, and identified on page 24 of the First Amended Petition (Amd. Petn.) as Ground 1, (pretrial level) subparts (B) and (C) are <u>unexhausted</u>. Petitioner did not properly present his claim that trial counsel failed to obtain copies of video tapes from the T-Bird Lounge, the ATM, and other locations and did not interview witnesses to "establish whether Brady was wearing his glasses on the night in question...." Amd. Petn., p. 24, ll. 19-23. Neither did petitioner fairly present a challenge to "pretrial identification of Mortensen as being so impermissibly suggestive...." Amd. Petn., pp. 24-25, ll. 24-18.

Ground 1-1 subpart (F)(3) claiming that counsel failed to file a motion to "sequester the jury...." is also <u>unexhausted</u>. *See* Amd. Petn. pp. 30-31, ll. 22-7.

Ground 1-2 (counsel during trial) subparts (L)(1)-(4) as outlined in the Court order at page 8, ("Counsel failed to offer jury instructions regarding [1] mere presence, [2] regarding eyewitness identifications, [3] regarding the credibility of drug users or addicts, [4] regarding intoxication to negate elements of a crime...") and found in the Amd. Petn. on pages 42-44, (counsel's performance during trial) are <u>unexhausted</u>. Subpart 5 referenced in the Court's Order, claiming that counsel did not offer jury instructions on the definition of premeditate and deliberate, <u>is</u> exhausted.[1]

**IT IS THEREFORE ORDERED** that petitioner's Motion for Clarification (ECF No. 58) is **GRANTED**, and the Order entered January 28, 2013 (ECF No. 57), is clarified as outlined above.

**IT IS FURTHER ORDERED** that petitioner's response to the January 28, 2013, Order shall be filed within thirty days of entry of this Order.

DATED:  February 8, 2013

_____
UNITED STATES DISTRICT JUDGE

---

[1] This subpart (L)(5) is the same as petitioner's ground 1-2 (counsel during trial), subpart L(2) found on page 43 of the Amd. Petn.