# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD LAWRENCE MORTENSEN,<br><br>   Petitioner,<br><br>   v.<br><br>DWIGHT D. NEVEN, et al.,<br><br>   Respondents. | Case No. 2:11-cv-00266-KJD-DJA<br><br>**ORDER** |

This is a habeas corpus action under 28 U.S.C. § 2254. Petitioner has filed an unopposed motion for extension of time. ECF No. 175. The court finds that good cause exists to grant this motion. Petitioner also has filed a fourth amended petition. ECF No. 176. The court has reviewed the fourth amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondents will need to file a response to the fourth amended petition.

IT THEREFORE IS ORDERED that petitioner's unopposed motion for extension of time (ECF No. 175) is **GRANTED**.

IT FURTHER IS ORDERED that respondents must file a response to the fourth amended petition (ECF No. 176), including potentially by motion to dismiss, within 60 days of entry of this order and that petitioner may file a reply within 30 days of service of an answer. The response

and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the petition must be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

DATED: February 16, 2022

_____
KENT J. DAWSON
United States District Judge