1

2

3 **UNITED STATES DISTRICT COURT**

4 **DISTRICT OF NEVADA**

5 RONALD LAWRENCE MORTENSEN,                Case No. 2:11-cv-00266-KJD-DJA

6                                  Petitioner,      **ORDER**

7 v.

8 DWIGHT D. NEVEN, et al.,

9                                  Respondents.

10          Petitioner Ronald Lawrence Mortensen, a Nevada prisoner, has filed a counseled fourth-

11 amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 176.) Currently

12 before the Court is Respondents' motion to dismiss Mortensen's fourth-amended petition. (ECF

13 No. 185.) For the reasons discussed below, the Court grants the motion, in part.

14 I.      Factual and Procedural Background

15          On December 28, 1996, following several hours of drinking in celebration of his 31st

16 birthday, Mortensen and another off-duty Las Vegas police officer, Christopher Brady, drove to

17 an area known for gang activity, and Mortensen allegedly[1] fired a handgun into a group of

18 people, killing 21-year-old Daniel Mendoza. (*See* ECF No. 44-6 at 1.) A jury found Mortensen

19 guilty of first-degree murder with the use of a deadly weapon. (ECF No. 23 at 7.) Mortensen was

20 sentenced to two consecutive life sentences without the possibility of parole. (*Id*.) Mortensen

21 appealed, and the Nevada Supreme Court affirmed on September 27, 1999. (ECF No. 38-1 at 1–

22

23 _____

[1] Mortensen's defense at trial was that Brady was the shooter. (*See* ECF No. 44-6 at 3.)

21.) Mortensen petitioned for rehearing, but the Nevada Supreme Court denied the request. (ECF Nos. 38-1 at 24; 38-2 at 12.) Remittitur issued on January 12, 2000. (ECF No. 38-2 at 19.)

Mortensen filed a state petition for post-conviction relief on December 13, 2000. (ECF No. 40 at 1.) Following an evidentiary hearing, the state court denied Mortensen's petition on April 23, 2008. (ECF No. 44 at 4.) Mortensen appealed, and the Nevada Supreme Court affirmed on July 15, 2010. (ECF No. 44-6 at 1.) Mortensen petitioned for rehearing and for en banc reconsideration, but the Nevada Supreme Court denied the requests. (*Id*. at 10–23.) Remittitur issued on December 13, 2010. (ECF No. 44-6 at 31.)

Mortensen filed a federal habeas petition on February 17, 2011. (ECF No. 1.) This Court appointed counsel, and counsel filed a first-amended petition. (ECF Nos. 4, 6, 17.) Respondents moved to dismiss. (ECF No. 50.) This Court granted the motion, in part, and denied it, in part, directing Mortensen to elect whether to return to state court and present his unexhausted grounds or abandon them. (ECF No. 57.) The parties stipulated that Mortensen could return to state court. (ECF No. 60.) Mortensen filed a second state petition for post-conviction relief. (ECF No. 70-1 at 7.) The state court denied the petition on April 29, 2014. (ECF No. 70-3 at 1.) Mortensen appealed, and the Nevada Supreme Court affirmed on September 16, 2014. (ECF No. 70-3 at 179.)

This Court reopened this matter on December 16, 2014. (ECF No. 67.) Following various changes in counsel, Mortensen filed second-, third-, and fourth-amended petitions. (ECF Nos. 72, 130, 176.) Respondents move to dismiss the fourth-amended petition. (ECF No. 185.) Mortensen responded, and Respondents replied. (ECF Nos. 199, 211.)

II.   <u>Legal Standard</u>

Respondents argue that Mortensen's fourth-amended petition contains claims that are procedurally defaulted and/or unexhausted. (ECF No. 185.)

A.    <u>Procedural default</u>

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim pursuant to an independent and adequate state procedural rule. *Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000). "The Ninth Circuit has elaborated that a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005) (internal quotation marks omitted). "If a state procedural rule is not well-established before a petitioner supposedly breaks the rule, then the rule cannot prevent federal review of the petitioner's federal claims." *Id*.

When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012). Ignorance or inadvertence does not constitute cause. *Murray v. Carrier*, 477 U.S. 478, 486–87 (1986). To show prejudice, a petitioner bears the burden of showing not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *Id*. at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019).

B.    <u>Exhaustion</u>

1    A state prisoner first must exhaust state court remedies on a habeas claim before

2 presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion

3 requirement ensures that the state courts, as a matter of comity, will have the first opportunity

4 to address and correct alleged violations of federal constitutional guarantees. *Coleman*, 501 U.S.

5 at 730–31. "A petitioner has exhausted his federal claims when he has fully and fairly presented

6 them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir.

7 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires

8 only that state prisoners give state courts a *fair* opportunity to act on their claims.")).

9    A petitioner must present the substance of his claim to the state courts, and the claim

10 presented to the state courts must be the substantial equivalent of the claim presented to the

11 federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a

12 sufficient opportunity to hear an issue when the petitioner has presented the state court with the

13 issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *see also*

14 *Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) ("Full and fair presentation additionally

15 requires a petitioner to present the substance of his claim to the state courts, including a reference

16 to a federal constitutional guarantee and a statement of facts that entitle the petitioner to

17 relief."). A petitioner may reformulate his claims so long as the substance of his argument

18 remains the same. *Picard*, 404 U.S. at 277–78 ("Obviously there are instances in which the

19 ultimate question for disposition will be the same despite variations in the legal theory or factual

20 allegations urged in its support. . . . We simply hold that the substance of a federal habeas corpus

21 claim must first be presented to the state courts.") (Internal citations and quotation marks

22 omitted).

23 III.    Discussion

4

Respondents argue that ground 1 is procedurally defaulted and grounds 2, 3, and 5 are unexhausted. (ECF No. 185 at 8–11.)

A.   <u>Ground 1</u>

In ground 1, Mortensen alleges that the jury instructions permitted the jury to convict him of first-degree murder without the essential elements of deliberation and willfulness. (ECF No. 176 at 28.) Respondents argue that this ground is procedurally defaulted because the Nevada Supreme Court rejected this claim on state procedural grounds, namely Nev. Rev. Stat. § 34.810. (ECF No. 185 at 8.) This Court agrees that ground 1 is procedurally defaulted.

In affirming the denial of Mortensen's state habeas petition, the Nevada Supreme Court stated:

> Mortensen claims that the instruction on premeditation and deliberation given at his trial, known as the *Kazalyn* [*v. State*, 108 Nev. 67, 825 P.2d 578 (1992), receded from by *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000)] instruction, was improper and warrants a new trial. This claim could have been raised previously and is procedurally barred absent a showing of good cause and prejudice. *See* NRS 34.810(b). We conclude that this court's decision in *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), provided good cause for Mortensen to raise the claim in a first, timely post-conviction petition.
>
> [FN2] The parties appear to agree that Mortensen's direct appeal was final at the time *Byford* was decided. However, we denied rehearing of Mortensen's direct appeal on December 27, 1999. Because Mortensen's time for filing a petition for certiorari to the United States Supreme Court had not yet expired, his conviction was not final when *Byford* was decided on February 28, 2000. *See Colwell v. State*, 118 Nev. 807, 820, 59 P.3d 463, 472 (2002) (stating that "[a] conviction becomes final when judgment has been entered, the availability of appeal has been exhausted, and a petition for certiorari to the Supreme Court has been denied or the time for such a petition has expired"); Sup. Ct. R. 13(3) (stating that petition for writ of certiorari to United States Supreme Court must be filed within 90 days after entry of judgment or denial of rehearing). Because Mortensen's convictions were not final when *Byford* was decided, *Byford* applies to him. *Nika v. State*, 124 Nev. __, __, 198 P.3d 839, 842 (2008), cert. denied, __ U.S. __, 130 S. Ct. 414 (2009).

However, we conclude that he failed to show prejudice.

[FN3] We also reject Mortensen's claims that trial and appellate counsel were ineffective for failing to challenge this instruction. This instruction was a correct statement of Nevada law until five months after this court affirmed Mortensen's convictions on direct appeal, and thus counsel were not unreasonable in failing to challenge it. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

The defense theory at trial was that Mortensen's companion, Christopher Brady, was the shooter. In order not to undermine this defense, trial counsel made no attempt to challenge the premeditation instruction or otherwise argue that Mortensen lacked the requisite intent for first-degree murder. Furthermore, the evidence presented at trial showed that Mortensen and Brady were driving around and harassing the populace when their truck pulled up near a group of people. Mortensen motioned for the people to approach, brought his weapon out of the window, and fired. In light of this evidence that the murder was premeditated, willful, and deliberate and the fact that the key issue at trial was not intent but the identity of the shooter, we conclude that the erroneous instruction on premeditation and deliberation was harmless.

Because Mortensen has not demonstrated prejudice, his claim is procedurally barred.

(ECF No. 44-6 at 2–4.)

Mortensen argues that ground 1 is not procedurally defaulted because "[i]t is entirely unclear whether Nevada courts regularly and strictly applied § 34.810 between when [he] filed his direct appeal and when he filed his habeas petition, that is, during the period between 1997 and 2000." (ECF No. 199 at 8.) Once the respondents meet their initial burden of pleading "the existence of an independent and adequate state procedural ground as an affirmative defense," which Respondents have done here with Nev. Rev. Stat. § 34.810 (*see* ECF No. 185 at 8),[2] the burden shifts to Mortensen "to place that defense in issue," by, for example, "asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett v. Mueller*, 322 F.3d 573,

---

[2] The Ninth Circuit has held that, at least in non-capital cases, application of Nev. Rev. Stat. § 34.810 is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003).

586 (9th Cir. 2003). Mortensen fails to meet this burden because he only vaguely asserts that it is unclear whether Nev. Rev. Stat. § 34.810 was adequate.

Mortensen also argues that Nev. Rev. Stat. § 34.810 was applied unrealistically because there are no cases where Nevada courts applied Nev. Rev. Stat. § 34.810 to a claim raised in a first timely habeas petition when the grounds for the claim were not clear on direct appeal. (*Id*. at 9.) Connectively, Mortensen argues that Nev. Rev. Stat. § 34.810, as it was applied here, frustrated his exercise of his federal right because the state court required him to bring a claim on direct appeal when the legal and factual basis of that claim were not clear until after his direct appeal was decided. (*Id*. at 10.) Although Mortensen was unable to bring this claim during his direct appeal since the remittitur on his direct appeal issued on January 12, 2000, and *Byford*, the basis of his claim, was not decided until February 28, 2000, the Nevada Supreme Court did not require him to bring the claim on direct appeal. It merely stated that this claim could have been raised previously. Indeed, between Mortensen's direct appeal and his post-conviction appeal, he appealed the denial of his third motion for a new trial. (*See* ECF No. 40 at 34 (order of affirmance of the denial of Mortensen's motion for a new trial dated October 5, 2001).)

Mortensen argues that this can show cause and prejudice to excuse the procedural default of ground 1. (ECF No. 199 at 11.) The Court agrees with Mortensen and the Nevada Supreme Court that the Nevada Supreme Court's decision in *Byford* provided good cause to excuse the procedural default. *See Murray*, 477 U.S. at 488 (explaining that "a showing that the factual or legal basis for a claim was not reasonably available . . . would constitute cause"); *see also Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004) (explaining that "Nevada's 'cause and prejudice' analysis and the federal 'cause and prejudice analysis' are nearly identical"). Regarding prejudice, Mortensen argues at length that "the *Kazalyn* instruction was a

1  constitutional error that prejudiced" him. (ECF No. 199 at 15.) Respondents rebut that "any

2  instructional error was not prejudicial." (ECF No. 211 at 6.) Alternatively, Respondents ask this

3  Court to defer a decision on whether Mortensen establishes prejudice to overcome the procedural

4  default of ground 1 until merits consideration. Because the analysis of prejudice to overcome the

5  procedural default of ground 1 is necessarily intertwined with the merits of ground 1, this Court

6  accepts Respondents' alternative request and defers a determination of whether Mortensen can

7  overcome the procedural default of ground 1 until the time of merits determination.

8          B.      <u>Ground 2</u>

9          In ground 2, Mortensen alleges that the State suppressed material evidence favorable to

10 the defense, namely, evidence related to Brady and Ruben Ramirez, who was an eyewitness to

11 the shooting. (ECF No. 176 at 45.) Respondents argue that while Mortensen presented a similar

12 claim in state court, ground 2 includes significant new facts and allegations—namely, the

13 inclusion of the allegations regarding Brady's sexual assault on Carye Morris, Ramirez's specific

14 criminal activity, and Brady's statements to other individuals besides Marc Barry—that

15 fundamentally alter and strengthen the claim. (ECF No. 185 at 9.) Mortensen rebuts that the

16 inclusion of any facts and arguments in his fourth-amended petition do not fundamentally alter

17 the claim from state court; rather, they mere elaborate his allegations. (ECF No. 199 at 3–5.)

18         The Nevada Supreme Court articulated Mortensen's claim as follows: "Mortensen claims

19 that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding evidence

20 uncovered in a concurrent federal grand jury proceeding that would have been useful to impeach

21 State witnesses Christopher Brady and Ruben Ramirez." (ECF No. 44-6 at 4.) Citing its

22 decisions on Mortensen's appeal of the denial of his first and second motions for a new trial and

23 Mortensen's appeal of the denial of his third motion for a new trial, the Nevada Supreme Court

affirmed the denial of the claim, explaining that it had "already concluded that the evidence at issue would not have affected the outcome of trial." (*Id.*) In the Nevada Supreme Court's decision on Mortensen's appeal of the denial of first and second motions for a new trial, which were consolidated with his direct appeal, the Nevada Supreme Court discussed Morris's "alleg[ation] that Brady coerced her into performing an illicit sexual act upon him during transport to the Clark County Detention Center." (ECF No. 38-1 at 16.) And in the Nevada Supreme Court's decision on Mortensen's appeal of the denial of his third motion for a new trial, the Nevada Supreme Court discussed "[t]he alleged new evidence . . . relating to drug activity and criminal behavior of Ruben Ramirez, a witness from trial." (ECF No. 40 at 34.)

Based on this record, specifically the inclusion of Mortensen's previous appeals into the discussion of the appeal of the denial of his state post-conviction petition, the state courts had a sufficient opportunity to consider the new evidence relating to Brady and Ramirez in the context of a *Brady* claim. As such, the Court concludes that Mortensen fairly presented the allegations in ground 2 of his fourth-amended petition to the state courts. Any added facts or allegations in the fourth-amended petition do not fundamentally alter Mortensen's claim. Ground 2 is exhausted.

C.   Ground 3

In ground 3, Mortensen alleges that his counsel was ineffective for failing to personally interview Barry and Morris and to investigate Ramirez's criminal history and background. (ECF No. 176 at 92–93.) Respondents argue that although Mortensen raised a similar claim in state court, ground 3 includes significant new facts—the inclusion of Morris and Ramirez—and legal theories—the inclusion of an *in-person* interview—which render it unexhausted. (ECF No. 185 at 10.) Mortensen again rebuts that the inclusion of any facts and arguments in his fourth-

amended petition do not fundamentally alter the claim from state court; rather, they mere elaborate his allegations. (ECF No. 199 at 3–5.)

The Nevada Supreme Court articulated Mortensen's claim as follows: "Mortensen argues that trial counsel was ineffective for failing to investigate the eyewitnesses to the crime and Brady's background." (ECF No. 44-6 at 5.) Citing its decisions on Mortensen's appeal of the denial of his first and second motions for a new trial and Mortensen's appeal of the denial of his third motion for a new trial, the Nevada Supreme Court found that Mortensen failed to demonstrate prejudice under *Strickland v. Washington* because it had "already determined that none of the evidence discovered later would have been reasonably likely to change the results of trial." (*Id*. at 5–6.) As this Court explained in its analysis of ground 2, the Nevada Supreme Court's decision on Mortensen's appeal of the denial of first and second motions for a new trial discussed Morris, and the Nevada Supreme Court's decision on Mortensen's appeal of the denial of his third motion for a new trial discussed Ramirez. (ECF Nos. 38-1 at 16; 40 at 34.)

As was the case with ground 2, based on this record, specifically the inclusion of Mortensen's previous appeals into the discussion of the appeal of the denial of his state post-conviction petition, the state courts had a sufficient opportunity to consider the new evidence relating to Morris and Ramirez in the context of an ineffective assistance of trial counsel claim. As such, the Court concludes that Mortensen fairly presented the allegations in ground 3 of his fourth-amended petition to the state courts. Any added facts or allegations in the fourth-amended petition do not fundamentally alter Mortensen's claim. Ground 3 is exhausted.

D.    Ground 5

In ground 5, Mortensen alleges that there were cumulative errors. (ECF No. 176 at 117.) Respondents argue that Mortensen has not fairly presented the entirety of this ground to the

Nevada Supreme Court for review. (ECF No. 185 at 11.) Respondents are correct that Mortensen cannot incorporate all the claims in his fourth amended petition into ground 5 because he has not raised an all-encompassing cumulative error claim. Thus, to the extent that ground 5 incorporates ground 4[3]—the only claim that was not included by the Nevada Supreme Court in its cumulative error analysis in its order affirming the denial of Mortensen's post-conviction petition (*see* ECF No. 44-6 at 8–9)—it is unexhausted and dismissed.

IV.    <u>Conclusion</u>

Accordingly, **IT IS HEREBY ORDERED** that Respondents' motion to dismiss **[ECF No. 185] IS GRANTED, IN PART**, as follows: (1) ground 1 is procedurally defaulted and (2) ground 5 is dismissed, in part, as explained in this order. The Court defers consideration of whether Mortensen can demonstrate prejudice to overcome the procedural default of ground 1 until after the filing of an answer and reply in this action.

**IT IS FURTHER ORDERED** that Respondents have 60 days from the date of this order in which to file an answer to the fourth-amended petition. Mortensen will have 30 days following service of Respondents' answer in which to file a reply.

DATED: 06/12/2023

_____
KENT J. DAWSON
UNITED STATES DISTRICT COURT

---

[3] Ground 4, Mortensen's preservation of evidence claim, was discussed in his direct appeal. (*See* ECF No. 38-1 at 11.)