# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD LAWRENCE MORTENSEN,<br><br>　　　　　　　　　Petitioner,<br>v.<br>DWIGHT D. NEVEN,[1] *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 2:11-cv-00266-KJD-DJA<br><br>**ORDER** |

　　　　This habeas corpus matter is poised for merits review. Upon review of the documents filed in this matter, it appears Petitioner omitted page 1642 of the reporter's transcript for the state trial proceedings held on May 8, 1997. *See* ECF Nos. 33-1 at 19–20; 176-10 at 68–69. This Court requires Petitioner file the missing page as a supplemental exhibit. *See* Rules Governing Section 2254 Cases, Rule 7; *McDaniels v. Kirkland*, 813 F.3d 770, 773 (9th Cir. 2015) (en banc) (holding federal habeas courts "may consider the entire state-court record, including evidence that was presented only to the trial court."); *Nasby v. McDaniel*, 853 F.3d 1049, 1052–54 (9th Cir. 2017) (remanding for consideration of the entire state-court record).

　　　　In addition, it appears that Petitioner failed to fully comply with the redaction requirements of LR IC 6-1(a)(1), (a)(3), and (a)(5). *See* ECF Nos. 20-3 at 7, 9; 20-4 at 20, 22, 31; 37-2 at 24; 37-3 at 33, 35–36, 38, 40; 38 at 1–2, 4–5, 22, 26–27; 39 at 26–29, 34–37; and 176-2 at 82–88, 90–94, 117, 132, 134–35, 139–41, 143–44, 162, 166–67. Compelling reasons exist to seal the documents as they contain personal-data identifiers, and parties cannot change filings. *See* LR IC 6-1(a)(1) ("If an individual's Social Security number must be included, only the last four digits of that number should be used."); LR IC 6-1(a)(3) ("If an individual's date of birth must be included, only the year should be used."); and LR IC 6-1(a)(5) ("If a home address must be included, only

---

[1] The state corrections department's inmate locator page indicates Mortensen is incarcerated at High Desert State Prison and that Jeremy Bean is the current warden at that facility. *See* HDSP_Facility (nv.gov). The Court will therefore direct the Clerk of the Court to substitute Jeremy Bean for Respondent Dwight Neven, under, *inter alia,* Fed. R. Civ. P. 25(d).

the city and state should be listed.").

Given the age of this case, counsel for both parties are directed to prioritize their filings in this case over later-filed matters. Extensions of time to comply with this Order are unlikely to be granted absent compelling circumstances and a strong showing of good cause why compliance with this Order cannot be completed within the extended time allowed despite the exercise of due diligence.

**IT IS THEREFORE ORDERED:**

1. Not later than **December 12, 2024**, Petitioner must file redacted and publicly available copies of documents, previously filed as ECF Nos. 20-3; 20-4; 37-2; 37-3; 38; 39; and 176-2, that are in full compliance with LR IC 6-1(a)(1), (a)(3) and (a)(5);

2. Not later than **December 12, 2024**, Petitioner must file as a supplemental exhibit page 1642 of the reporter's transcript of the state trial proceedings held on May 8, 1997;

3. Respondents will have **10 days** after the Petitioner files the supplemental exhibit, designated in paragraph 2 above, to admit or deny the correctness of that supplemental exhibit;

4. The Clerk of the Court is directed to seal the documents filed as ECF Nos. 20-3; 20-4; 37-2; 37-3; 38; 39; and 176-2; and

5. The Clerk of Court is directed to substitute Jeremy Bean for Respondent Dwight Neven.

DATED: November 22, 2024

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE